HARRY TARTER, Plaintiff, *v.* LLOYD B. SANDERSON and Others, Defendants.

Supreme Court, New York Special Term, October, 1923.

Judgments — summary judgment — action on undertaking — motion for summary judgment denied where the obligation to pay a judgment was in behalf of the owners of the fee and not the owner of the lease-hold — mechanics' liens.

An undertaking given to discharge a mechanic's lien against real property of named persons as owners was conditioned for the payment of any judgment which might be rendered against said property for the enforcement of the lien. In an action to foreclose the lien the complaint was dismissed upon the merits as to the defendant owners and a valid lien declared against the leasehold interest of one H. who though made a party defendant had defaulted and against whom a personal judgment was granted. *Held,* that in an action upon the undertaking, the obligation of which was not to pay a judgment against the property of H., but solely against the property of the owners of the fee, plaintiff's motion for summary judgment will be denied.

MOTION for summary judgment.

*Louis Rosenberg,* for plaintiff.

*MacFarland, Costello & Taylor (Alfred H Strickland,* of counsel), for defendants.

PROSKAUER, J. Plaintiff moves for summary judgment in an action upon a bond executed by defendants Sanderson and Eidlitz, as principals, and the National Surety Company, as surety, to discharge a mechanic's lien.

The notice of lien states the owners of the real property "against whose interest therein a lien is claimed is (*sic*) Jennie T. Eidlitz and Maud Sanderson," without mentioning Berenice F. Hale, and then recites " the interest of the owner as far as known to the lienor is fee simple and Berenice F. Hale, lessee." The amount claimed was $5,550. Sanderson and Eidlitz obtained the usual *ex parte* order fixing $6,500 as the amount of the undertaking to be executed " to discharge the mechanic's lien filed *against the interest of said Maud Sanderson and Jennie T. Eidlitz* as owners," and after filing their bond obtained the usual order directing that the lien against "·Maud Sanderson and Jennie T. Eidlitz, as owners," be discharged. The bond recites that the lien is against certain property of " Maud Sanderson and Jennie T. Eidlitz, as owners," and engages for the payment of any judgment which may be rendered " *against the property for the enforcement of said lien.*"

The alleged lessee, Berenice F. Hale, also made a defendant in the foreclosure suit, defaulted and a judgment in favor of defendants Eidlitz and Sanderson was rendered dismissing the complaint on the merits, granting a personal judgment against Berenice F. Hale and decreeing the establishment of a valid lien " so far as the lease-hold interest of the defendant Berenice F. Hale therein * * * is concerned."

Despite the success of Sanderson, Eidlitz and their surety, plaintiff claims he can recover on this bond because a lien is an entity; that when they filed the undertaking, they in some way made themselves liable for any judgment rendered against any interest in the property. No case cited by plaintiff constrains me to such an unjust conclusion. In every case cited there was an attempt made by an owner to apportion the amount of the lien between different parcels and to file an undertaking for a smaller sum than the amount claimed to free his own property from the lien. The courts have held this could not be done. Here no such attempt was made; the undertaking was for more than the whole amount of the lien and the obligation is not to pay a judgment against the property of Berenice F. Hale, but solely the property of the owners in fee.

Plaintiff's motion denied, with ten dollars costs.

Ordered accordingly.